# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARK W. TETZLAFF,**
  **Appellant,**

  v.             Case No. 14-C-0767

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION,**
  **Appellee.**

## ORDER

  Mark Tetzlaff has appealed my order affirming the bankruptcy court's order. He has since filed a motion to enlarge the record on appeal. See Fed. R. App. P. 10(e). The basis for the motion is that the record transmitted to the court of appeals by the clerk of the district court did not contain the transcript of the trial that occurred before the bankruptcy court. It seems that the reason for this is that the transcript was never entered on the docket in the district court, but was entered on the docket in the bankruptcy court. This, in turn, likely occurred because the transcript was not ordered until the bankruptcy appeal was docketed in this court and I granted Tetzlaff's motion for a free transcript, which occurred after the clerk of the bankruptcy court transmitted the record to the district court. See Order of July 17, 2014, E.D. Wis. ECF No. 12. When the court reporter prepared the transcript pursuant to my order, he or she docketed it in the bankruptcy court, as required by Federal Rule of Bankruptcy Procedure 8010(a)(2)(B). See ECF No. 134 in E.D. Wis. Bankr. No. 12-02501. Although the transcript was never formally entered on the docket of the district court (perhaps the bankruptcy clerk failed to notify the district court clerk of

its filing, as required by Rule 8010(a)(2)(B)), by rule it was automatically part of the record on appeal from the bankruptcy court. See Fed. R. Bankr. P. 8009(a)(4). I relied on the transcript when deciding the appeal. See Opinion at 8, E.D. Wis. ECF No. 24.

Under Federal Rule of Appellate Procedure 10(a)(2), the record on appeal from the district court to the court of appeals includes "the transcript of proceedings, if any." Thus, although the district court clerk did not transmit the transcript of the trial to the court of appeals, that transcript is, by rule, automatically part of the record on appeal. Given this, it may be unnecessary to grant Tetzlaff's motion to enlarge the record. Still, Rule 10(e)(2) allows the district court, either before or after the record has been forwarded, to correct any omission from the record caused by error or accident. To avoid any potential confusion, I will grant Tetzlaff's motion and direct the clerk of the district court to ensure that a copy of the trial transcript is entered on the docket of the district court and forwarded to the court of appeals.

For the reasons stated, **IT IS ORDERED** that appellant's motion to enlarge the record on appeal is **GRANTED**. The clerk of the district court shall enter a copy of the trial transcript that appears on the docket of the bankruptcy court, Case No. 12-2501, at ECF No. 134, on the docket of the district court under Case No. 14-C-0767. The clerk of the district court shall then certify and forward to the court of appeals a supplemental record that consists of the trial transcript. The district court clerk shall also provide a copy of this order to the court of appeals.

Dated at Milwaukee, Wisconsin this 1st day of April, 2015.

                        s/ Lynn Adelman
                        _____
                        LYNN ADELMAN
                        District Judge